02D09-2308-CT-000587

Allen Superior Court 9

Filed: 8/22/2023 4:50 PM
Clerk
Allen County, Indiana
JS

| STATE OF INDIANA | ) | IN ALLEN COUNTY SUPERIOR COURT |
| --- | --- | --- |
| | ) SS: | |
| COUNTY OF ALLEN | ) | CAUSE NO._____ |

TRAVIS GIBSON and BRANDI GIBSON    )
                                   )
        Plaintiff,                 )
                                   )
v.                                 )
                                   )
                                   )
PILOT TRAVEL CENTERS, LLC d/b/a    )
PILOT FLYING J ("PFJ"), a/k/a FLYING J )
TRAVEL CENTER                      )
        Defendants.                )

## COMPLAINT

Comes now Plaintiff's, by counsel, and allege against the Defendant as follows:

1. The Plaintiffs are Travis Gibson and Brandi Gibson, two Caucasian former employees of the Defendant.

2. The Defendant is Pilot Travel Centers, LLC, d/b/a Pilot Flying J ("PFJ"), a/k/a Flying J Travel Center, a company doing business at 3105 South Doyle Road, New Haven, Indiana 46774. The Defendants home office is located at 5508 Lonas Drive, Knoxville, TN 37909. Its Registered Agent is C T Corporation System, located at 334 North Senate Avenue, Indianapolis, IN 46204. At all material times to this Complaint, the Defendant was an "employer" for the purposes of Plaintiff Travis Gibson is asserting pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), and an "employer" for the purposes of claims both Plaintiff Travis Gibson, and Plaintiff Brandi Gibson are asserting pursuant 42 U.S.C. § 1981.

1

3. The Plaintiff Travis Gibson filed a Charge of Discrimination with the Fort Wayne METRO on July 21, 2022, EEOC No. 24D-2022-00291/FEPA No. EC-0076-A22, a copy of which is attached hereto, made a part hereof, and incorporated herein as Exhibit "A". The EEOC issued a Determination and Notice of Rights/Notice of Right to Sue letter on April 17, 2023, a copy of which is attached hereto and made a part hereof as Exhibit "B". All required administrative remedies have been exhausted, and all jurisdictional prerequisites have been met for the filing of Plaintiff's Travis Gibson's Title VII claims.

4. The Plaintiffs were employed by the Defendant beginning in June 2021, and were both terminated on June 5, 2022. The Plaintiffs had each performed within the reasonable expectations of the Defendant at all material times to this Complaint. Plaintiff Travis Gibson held the position of Lead Facility Service Team Member, and Mrs. Gibson was a Service Team Member at the time of the wrongful terminations.

5. On or about July 5, 2022, Defendant falsely accused Plaintiff Travis Gibson of committing a theft of the Defendant's merchandise with a coworker. He adamantly denies stealing from the Defendant and adamantly denied ever knowingly assisting anyone with theft.

6. On July 5, 2022 Plaintiff Brandi Gibson was also terminated by the Defendant, although she was not told why. She also adamantly denies any participation in any wrong doing, and also denies any potential allegations of theft.

7. Prior to the Plaintiffs' terminations, an incident had occurred on June 29, 2022, in which one of the Defendant's other employees had placed several items from a shelf in a box. Later, not realizing that the employee planned to steal the merchandise, the

Plaintiff Mr. Gibson placed several items in the box for the employee as well, before moving it to the front counter of the store. Sometime after that, without realizing the employee had not yet paid for the merchandise in the box, Mr. Gibson moved the box outside the store for the employee.

8. The Plaintiffs contend that the Defendant treated similarly situated employees outside of their color/race (employees that were non-white/non-Caucasian), more favorably than the Plaintiffs when accused of theft and/or of substantially the same rules violations for which the Defendant allegedly terminated the Plaintiffs.

9. Prior to the Plaintiffs' terminations, Plaintiff Travis Gibson had reported to the Defendant's General Manager an incident with an employee that was caught on camera stealing. Both that employee, and the General Manager were black/African American individuals. By information and belief, the same General Manager made the decision to give preferential treatment to the black/African American employee that was video recorded stealing from the Defendant, by permitting him to pay for the stolen merchandise and continue his employment with the Defendant. In contrast, by information and belief, this same General Manager decided to terminate the Plaintiffs, allegedly for the same or substantially same conduct for which the black employee was known to the Defendant to have engaged but without being terminated.

10. The Plaintiffs, and each of them, contend that the Defendant discriminated against them and wrongfully terminated them on the basis of their color/race (white/Caucasian), and that Defendant treated them more harshly than similarly situated employees outside of the Plaintiffs' color/race, in violation of the Plaintiffs' federally protected rights to be free from racial discrimination under Title VII, and/or

§ 1981. The Defendant's wrongful and discriminatory conduct was the direct and proximate cause of the Plaintiffs, and each of them, suffering the wrongful loss of their jobs and job related income, and also subjected each of the Plaintiffs to inconvenience, mental anguish, emotional distress, and other damages and injuries.

11. The wrongful and discriminatory conduct of the Defendant furthermore was intentional, knowing, willful, wanton, and in reckless disregard of the Plaintiffs' federally protected rights under Title VII and § 1981. Imposition of punitive damages is therefore appropriate.

WHEREFORE the Plaintiffs and each of them, by counsel, respectfully request the Court for judgement against the Defendant, for compensatory damages, punitive damages, reasonable attorney fees and costs, and for all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**MYERS SMITH WALLACE, LLP**

*/s/ Ilene M. Smith*
Ilene M Smith, #22818-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:   (260) 424-0600
Facsimile:    (260) 424-0712
E-mail:       ismith@myers-law.com
*Counsel for Plaintiff*

08/10/2023
IMS/gll